## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **ROBB BILLUPS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Case No. 4:12cv624** |
| | § | |
| **CREDIT BUREAU OF GREATER** | § | |
| **SHREVEPORT and CREDIT** | § | |
| **BUREAU OF THE SOUTH** | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES
## MAGISTRATE JUDGE

Plaintiff, Robb Billups, filed this suit for violations of the Fair Debt Collection Act 15 U.S.C.

§1692.   Billups has resided in Denton, Texas which is in this Division, for the last two years.

However, prior to living in Denton, he lived in Midland, Texas and Shreveport, Louisiana where the

alleged debt for approximately $138.00 was incurred.  *See* Dkt. 18-8, Affidavit of Juneau.  Evidently

both Defendants, Credit Bureau of the South and Credit Bureau of Greater Shreveport n/k/a Retail

Merchants Association, Inc. are not related.   Defendants have filed motions to dismiss or

alternatively to transfer the case for improper venue (*see* Dkts. 17 and 18).  The Court finds that the

motions should be GRANTED in part and that the cases should be transferred for venue.

The genesis of this action stems from a report submitted by one or more of Defendants

concerning Plaintiff's delinquent account, which he either does not remember or disputes.  The only

contact with Texas were two letters written to Plaintiff when he was living in Midland, Texas, which

1

is in the Western District of Texas.  According to Defendant Retail Merchants, there have been no other contacts.  *See* Dkt. 17-2, Affidavit of Ellison.  Ellison also states that Retail Merchants had absolutely no contact with Billups in the Eastern District of Texas.  It has no offices in this District, and all witnesses, other than Billups, live in Shreveport.  Ellison also states that no attempts were ever made to collect any debt in the Eastern District of Texas.

Plaintiff in this action is represented by a Mississippi licensed lawyer practicing in the Northern District of Texas.  Defendants are represented by Louisiana lawyers.  The Court finds that this case should be transferred pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (" *In re Volkswagen I* ").  Here, the threshold inquiry is met because Defendants are citizens of Louisiana; Plaintiff was living in Louisiana at the time the debt was incurred; and any reporting was consummated in Louisiana.

Once that threshold inquiry is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case.  *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.,* 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed. Cir. 2009).  The private factors are: (1) the relative ease of access to sources of proof; (2)

the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I,* 371 F.3d at 203; *In re Nintendo,* 589 F.3d at 1198; *In re TS Tech,* 551 F.3d at 1319. The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I,* 371 F.3d at 203; *In re Nintendo,* 589 F.3d at 1198; *In re TS Tech,* 551 F.3d at 1319.

A plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 314–15 (5th Cir. 2008) (" *In re Volkswagen II* "). Rather, a plaintiff's choice of venue contributes to a defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II,* 545 F.3d at 315; *In re Nintendo,* 589 F.3d at 1200; *In re TS Tech,* 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II,* 545 F.3d at 314–15.

As to relative ease of access to sources of proof, the Court finds that in this day of technological advances there is no compelling reason that venue in Louisiana would control over Texas. However, the availability of compulsory process certainly weighs in favor of Louisiana. The factor will weigh the heaviest in favor of transfer when a transferee venue is said to have absolute subpoena power, i.e. that for both depositions and trial. *See In re Hoffman-La Roche Inc.*, 587 F.3d 1333 at 1338 (Fed.Cir. 2009). Since presumably all witness other than Plaintiff reside in Louisiana,

3

this factor would weigh in transfer.  In taking into account this Circuit's "100 mile rule", the Court finds that venue is better suited in Louisiana.  *See generally In re Volkswagen I,* 371 F.3d at 204–05. This factor favors transfer when a "substantial number of material witnesses reside in the transferee venue" and no witnesses reside in transferor venue regardless of whether the transferor venue would be more convenient for all of the witnesses.  *Id.* at 1344–45.

## RECOMMENDATION

As to matters of public interest, the speed that a case can come to trial and be resolved is a factor in the transfer analysis.  The oppressive criminal docket of this divisions's lone Article III judge cannot be ignored.  Other than Plaintiff's residence acquired after the dispute matured, Texas has no localized interest.  All in all, Louisiana is clearly a more convenient venue for more witnesses and parties and has a greater localized interest in this litigation than this District.  Accordingly, Retail Merchants Association, Inc. d/b/a Credit Bureau of Louisiana f/k/a Credit Bureau of Greater Shreveport's Renewed Motion to Dismiss for Failure to State a Cause of Action Pursuant to Rule 12(b)(6) and for Lack of Subject Matter Jurisdiction Per Rule 12(b)(1) and Motion to Dismiss or Transfer Action Based on Improper Venue Pursuant to Rule 12(b)(3), 28 U.S.C. 1406 or 28 U.S.C. 1404 (Dkt. 17) and Credit Bureau of the South, Inc.'s Renewed Motion to Dismiss for Failure to State a Cause of Action Pursuant to Rule 12(b)(6) and for Lack of Subject Matter Jurisdiction Per Rule 12(b)(1) and Motion to Dismiss or Transfer Action Based on Improper Venue Pursuant to Rule 12(b)(3), 28 U.S.C. 1406 or 28 U.S.C. 1404 (Dkt. 18) should be GRANTED in part and this case should be transferred to the Western District of Louisiana for the convenience of the parties and witnesses.   All other relief requested should be denied without prejudice to re-urging in the

4

transferee District.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.   28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 2nd day of July, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE